**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MATTHEW ALARCON,

Plaintiff,

v. No. 25-cv-659-SMD-DLM

MICHELLE LUJAN GRISHAM, *et al.*,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court following Plaintiff's failure to prosecute his Prisoner Civil Complaint (Doc. 1). Plaintiff was incarcerated when he initiated this proceeding and is proceeding *pro se*. He filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, but the motion did not include a six-month inmate account statement. *See* (Doc. 2). Such statement is required by statute in all cases where, as here, a plaintiff files the civil action while incarcerated. *See* 28 U.S.C. § 1915(a)(2). By an Order to Cure Deficiency ("Order") entered June 3, 2026, the Court directed Plaintiff to submit the inmate account statement within 30 days. *See* (Doc. 4). The Order warns that failure to timely comply may result in dismissal of this case without further notice.

The deadline to submit an account statement was July 6, 2026. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Order. Accordingly, the Court will dismiss the Prisoner Civil Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Salazar v. Arapahoe Cty. Det. Facility*, 787 Fed. App'x 542,

543 (10th Cir. 2019) (affirming dismissal order where plaintiff failed to "address[] the inmate account statement or explain[] his failure to comply with the ordered deadline"). The Court will also deny Plaintiff's pending Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2), which is now moot.

**IT IS ORDERED** that Plaintiff's Prisoner Civil Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b); his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 2**) is **DENIED as moot**; and the Court will enter a separate judgment closing this civil case.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE